UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALEXANDER ROMERO, individually and on behalf
of others similarly situated,

                                                                     Case No.: 17-cv-4859

                                        *Plaintiffs,*

            -against-                                **COMPLAINT**

ROYAL PLAINVIEW CAR WASH INC. and QIN HU
QU,

                                        *Defendant.*
------------------------------------------------------------------X

      Plaintiff Alexander Romero ("Plaintiff") individually and on behalf of others similarly situated, by and through his attorneys, Frank & Associates, P.C., brings this action against Defendants Royal Plainview Car Wash Inc. and Qin Hu Qu ("Defendants") and respectfully alleges as follows:

## INTRODUCTION

      1.     Plaintiff, and other similarly situated non-exempt car wash employees, bring this action based on Defendants' failure to properly pay overtime during the weeks in which the car wash employees worked in excess of forty (40) hours. Plaintiff alleges the Defendants thereby violated the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 650, *et seq.* ("NYLL").

      2.     Plaintiff further alleges that Defendants failed to pay minimum wage as Defendants failed to provide proper notice that the tips Plaintiff received would be credited towards the minimum wage in violation of 29 U.S.C. § 203(m).

      3.     Plaintiff further alleges that, pursuant to the NYLL and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142, Defendants failed to provide

Plaintiff allowances for the purchase, maintenance, and laundering of required uniforms in violation of the NYLL.

4. Plaintiff further alleges that, pursuant to NYLL § 195, Defendants failed to provide Plaintiff with notice, in English and in Plaintiff's primary language, of his rate of pay, the basis thereof, the employer's regular pay day, the name, address and telephone number of the employer and other information required by the statute.

5. Since Defendants willfully failed and refused to provide Plaintiff with Federal and State mandated contributions for required employment benefits such as Social Security, Medicare and Unemployment Compensation, Plaintiff is entitled to recover all compensatory damages and punitive damages in amounts to be determined at trial.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the federal law claims pursuant to 29 U.S.C. § 201, *et seq.*, and 28 U.S.C. § 1331, and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because the events or omissions giving rise to the claim for unlawful employment practices occurred in Suffolk County, New York.

## PARTIES

8. Plaintiff Alexander Romero was and is currently a resident of Suffolk County, New York.

9. At all times relevant to the Complaint, Plaintiff was employed by Defendants as a car washer.

10. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

11. Upon information and belief, Defendant Royal Plainview Car Wash Inc. was and still is a domestic business corporation incorporated under the laws of the State of New York, with its primary place of business at 1542 Old Country Road, Plainview, NY 11803.

12. At all times relevant to the Complaint, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d) and NYLL §190(3).

13. At all relevant times, Defendant was and is "an enterprise engaged in interstate commerce" within the meaning of the FLSA § 207(a).

14. At all relevant times, Defendant has and has had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Upon information and belief, at all relevant times, Defendant has and has had annual gross volume of sales in excess of $500,000.

16. Upon information and belief, Qin Hu Qu is the owner and operator of Defendant Royal Plainview Car Wash Inc.

17. At all times relevant to the Complaint, Defendant Qin Hu Qu was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d) and NYLL §190(3).

## FACTUAL ALLEGATIONS

18. Plaintiff Romero was employed by Defendants' car wash from August 2015 to February 4, 2017. He performed such non-exempt duties as washing and cleaning the exterior of vehicles.

19. Throughout his employment, Plaintiff was required to purchase and wear a uniform with Defendants' logo imprinted on it.

20. Plaintiff purchased around twenty (20) shirts at a rate of $5.00 per shirt and five (5) sweatshirts or jackets, at a rate of $12.00 per jacket/sweatshirt.

21. Plaintiff purchased the uniforms in cash and was not reimbursed by Defendants.

22. Plaintiff laundered and cleaned the uniforms at his own expense and Defendants did not reimburse Plaintiff for the costs.

23. Throughout his employment with Defendants, the car wash was open seven (7) days per week, from 8:00 am to 7:00 pm.

24. In 2015, Plaintiff regularly worked five (5) days per week, from either 8:00 am to 4:00 pm, or 10:00 am to 6:00 pm, for a total of forty (40) hours per week.

25. Once a month, Plaintiff worked seven (7) days per week, from 8:00 am to 4:00 pm, for a total of fifty-six (56) hours per week.

26. Plaintiff's schedule remained much the same in 2016. However, during the Spring and Fall, Plaintiff worked in excess of forty (40) hours per week a total of two (2) times per month.

27. In the Spring and Fall, Plaintiff worked the same schedule, either 8:00 am to 4:00 pm, or 10:00 am to 6:00 pm, but worked either six (6) or seven (7) days per week, for a total of forty-eight (48) and fifty-six (56) hours per week respectively.

28. In 2017, Plaintiff worked forty-nine and one-half (49.5) hours the week of January 9 to January 15, 2017. Plaintiff worked from Monday through Saturday, and was off on Sunday. On January 9, Plaintiff worked from 8:00 am to 4:30 pm; on January 10, from 9:30 am to 6:00 pm; on January 11, from 8:00 am to 5:00 pm; on January 12, from 10:00 am to 6:00 pm; on January 13, from 9:00 am to 5:30 pm; and January 14, from 8:00 am to 3:00 pm.

29. Throughout Plaintiff's employment, he was paid less than the statutorily mandated minimum wage.

30. In 2015, Plaintiff's initial hourly rate was $5.80, paid in cash. At the end of the year, Plaintiff's hourly rate was increased to $6.80. When Plaintiff worked in excess of forty (40) hours per week, he was compensated for the additional hours at an increased rate, but it was below the required rate of one and one-half times the minimum wage.

31. From 2016, until the end of his employment in February 2017, Plaintiff was paid in cash at a rate of $6.80 per hour. Once again, when Plaintiff worked in excess of forty (40) hours in a given week, he was compensated at a higher hourly rate, but it was below the required rate of one and one-half times the minimum wage.

32. Throughout his employment, Plaintiff received between $40.00 and $60.00 per day in tips from customers. He was not advised, either orally, or in writing, that a tip allowance would be taken to reduce his wages.

33. Upon information and belief, Defendants did not take a tip credit for Plaintiff's wages.

34. Even if Defendants took a tip credit for Plaintiff's wages, Plaintiff was not informed, either orally or in writing, that a credit would reduce his hourly wages below the minimum wage.

35. Plaintiff worked over forty (40) hours per workweek and Defendants failed to properly compensate Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the minimum wage throughout the entire term of his employment.

36. Defendants did not provide Plaintiff, at the time of his hire, or anytime thereafter, with written notice, in his primary language, of his rate of pay, the basis thereof, any allowances

claimed by the employer, the employer's regular pay day, the name of the employer, the employer's address and the employer's telephone number.

37. By employing Plaintiff, Defendants had a duty to pay Plaintiff proper wages for all work performed for Defendants' benefit and to make proper contributions on Plaintiff's behalf to Social Security, Workers' Compensation, Unemployment Insurance, New York Disability Insurance, and Medicare for all hours worked.

38. Plaintiff commenced his employment with Defendants with the expectation that proper contributions to Social Security, Workers' Compensation, Unemployment Insurance, New York Disability Insurance, and Medicare would be made on his behalf. However, Defendants failed to make any such contributions.

39. In fact, rather than making these contributions, Defendants converted the contributions for its own use, excluded Plaintiff from the use and enjoyment of them and subjected Plaintiff to harm.

40. By converting these contributions, Defendants were unjustly enriched.

41. Further, Defendants willfully failed to pay proper payroll taxes on Plaintiff's wages in violation of Federal and State law.

## COLLECTIVE ACTION CLAIMS

42. Plaintiff brings his FLSA claims as a collective action, pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated non-exempt persons who are or were employed by Defendants within three years from the filing of this Complaint ("FLSA Collective").

43. At all relevant times, Plaintiff, and other members of the FLSA Collective, have had substantially similar job requirements and pay provisions.

44. At all relevant times, Plaintiff, and other members of the FLSA Collective, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them proper overtime wages at a rate of at least one and one-half times their regular rate or the minimum wage for every hour of work in excess of forty (40) hours per workweek.

45. The claims of Plaintiff stated herein are similar to those of the Defendants' other employees.

46. The FLSA Collective is readily identifiable and ascertainable through the use of Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of proper overtime wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld by Defendants.

## FEDERAL RULES OF CIVIL PROCEDURE RULE 23 - CLASS ACTION ALLEGATIONS

47. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Plaintiff represents a class consisting of all car washers employed by Defendants from 2014 to the date of judgment. Plaintiff and the members of the proposed class have been subjected to the same unlawful practices.

49. Plaintiff brings this claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated non-exempt employees of Defendants who were: (1) not paid proper overtime wages for all hours worked in excess of forty (40) each workweek, (2) not paid minimum wage for all hours worked, (3) not provided a uniform allowance, (4) not

given proper pay rate notices, and (5) on whose behalf contributions were not made to Federal and State mandated benefit programs.

50. Plaintiff is a member of the Class he seeks to represent.

51. Plaintiff reserves the right to amend the Class definition based on discovery.

### A. Efficiency of Class Prosecution of Class Claims

52. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, who have been underpaid in violation of the FLSA and NYLL. The named Plaintiff is a representative of those workers and is acting on behalf of the Defendants' current and former employees' interest as well as his own interest in bringing this action.

53. Certification of this class is the most efficient and economical means for resolving questions of law and fact that are common to Plaintiff and members of the proposed class.

54. Plaintiff's individual claims and their resolution will resolve the common questions of the proposed class.

55. Plaintiff seeks remedies to eliminate Defendants' willful violation of the FLSA and to recover minimum and overtime wages rightfully earned and due to the members of the proposed class.

56. Plaintiff also seeks to eliminate Defendants' unlawful practices which led to the denial of mandated federal and state benefits of employment and thereby caused Defendants to be unjustly enriched at the expense of Plaintiff and members of the proposed class.

57. Plaintiff has standing to seek such relief because of the effect Defendants' conduct has had on him individually and on the car washers generally. These injuries are redressable through systemic relief, such as equitable and injunctive relief, as well as other relief as this Court sees fit.

58. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of the efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

### B. Numerosity and Impracticability of Joinder

59. The proposed Rule 23 Class is so numerous that joinder of all members is impracticable.

60. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

61. Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of minimum and overtime pay in violation of the FLSA and

NYLL, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

62. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

### C. Common Questions of Law and Fact

63. The adjudication of Plaintiff's claims will directly result in the adjudication of numerous questions of law and fact common to the members of the proposed class.

64. These common issues include, but are not limited to; (a) whether Defendants unlawfully failed to pay proper overtime compensation for hours worked in excess of forty (40) per week in violation of the FLSA and NYLL; (b) whether Defendants unlawfully failed to pay Federal and New York State minimum wage; (c) whether Defendants failed to provide a proper uniform allowance; (d) whether Defendants failed to provide notice of the pay rate to Plaintiff and the Rule 23 Class; (e) the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; and (f) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class proper compensation was done willfully or with reckless disregard of the federal and state wage and hour laws.

65. The policies, procedures, and practices implemented by Defendants were applied to all members of the proposed class.

66. The common issues of law and fact affecting the proposed members of the class predominate over any issues affecting solely Plaintiff.

**D. Typicality of Claims and Relief Sought**

67.     Plaintiff's claims are typical of the claims of the proposed Rule 23 Class he seeks to represent.  Plaintiff's claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the proposed class in separate actions.

68.     Plaintiff seeks the following relief for his individual claims and for the claims of the members of the proposed class: (1) proper overtime wages for all hours worked in excess of forty (40) hours per week at a rate of one and one-half times his standard rate of pay; (2) unpaid minimum wages; (3) uniform allowance for all uniforms purchased and laundered; (4) an equal amount of liquidated damages; (5) damages for Defendants' failure to provide proper and accurate notice of Plaintiff's pay rate; and (6) damages for Defendants' failure to make contributions to Federal and State mandated benefit programs.

**E. Adequacy of Representation**

69.     Plaintiff's interests are akin to those of the members of the proposed class.

70.     Plaintiff is willing and able to represent the members of the proposed class and will fairly and adequately represent and protect the interest of the Rule 23 Class.

71.     Plaintiff retained counsel competent and experienced in complex class actions and in labor and employment litigation for over fifty (50) years.  Plaintiff's counsel can competently litigate the individual and class claims sufficiently to satisfy Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime in Violation of the FLSA**

72.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

73. Defendants required Plaintiff and other similarly situated employees to work in excess of forty (40) hours per week and willfully failed to compensate Plaintiff and other similarly situated employees for the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times the greater of their regular hourly rate or the minimum wage in violation of the FLSA, 29 U.S.C. § 207(a)(1).

74. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees overtime wages.

75. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

76. As a result of Defendants' willful and unlawful failure to pay Plaintiff and other similarly situated employees overtime wages, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of the FLSA

77. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

78. Defendants, in violation of 29 U.S.C. § 206, paid Plaintiff and similarly situated employees at a rate less than the applicable minimum wage.

79. Defendants failed to provide Plaintiff and similarly situated employees with a copy of § 203(m) and is not entitled to credit the tips against the minimum wage.

80. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees minimum wage.

81. As a result of Defendants' willful and unlawful failure to pay Plaintiff and other similarly situated employees at least minimum wage, Plaintiff and other similarly situated employees are entitled to recover their unpaid minimum wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime in Violation of the NYLL**

82. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

83. Defendants required Plaintiff and the Rule 23 Class members to work in excess of forty (40) hours per week and willfully failed to compensate Plaintiff and the Rule 23 Class Members for the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times the greater of their regular hourly rate or the minimum wage in violation of the NYLL.

84. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

85. Due to Defendants' violation of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**Failure to Pay Minimum Wage in Violation of the NYLL**

86. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

87. Defendants, in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor, paid Plaintiff and the Rule 23 Class less than the minimum wage.

88. Defendants failed to provide Plaintiff and similarly situated employees with notice that tips will be taken from the basic minimum hourly rate.

89. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class minimum wage.

90. Due to Defendants' violation of the NYLL and its supporting regulations Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### Failure to Provide Notice of Pay Rate in Violation of NYLL § 195(1)

91. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

92. Defendants failed to provide Plaintiff and the Rule 23 Class with notice, in English and in their primary language, of their rate of pay, the basis thereof, allowances claimed as part of the minimum wage; the employer's regular pay day, the name, address and telephone number of the employer and other information required by NYLL § 195(1).

93. Defendants' violations of the NYLL and its supporting regulations entitle Plaintiff and the Rule 23 Class Members to recover damages of $50.00 per work day, up to a maximum of $5,000, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### Uniform Allowance in Violation of the NYLL

94. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

95. Defendants failed to reimburse Plaintiff and the Rule 23 Class Members by their next pay period for the costs associated with purchasing a required uniform from the Defendants.

96. Defendants failed to reimburse Plaintiff and Rule 23 Class Members the statutorily required allowance for laundering and cleaning of required uniforms.

97. Due to Defendants' violations, Plaintiff and Rule 23 Class Members are entitled to recover for all lost statutorily mandated allowances for cleaning and laundering of uniforms for each week of employment plus the costs associated with purchasing the required uniform.

## SEVENTH CAUSE OF ACTION
### Conversion

98. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

99. Defendants unlawfully converted benefits and contributions that should have been made to Social Security, Workers' Compensation, Unemployment Insurance, New York Disability Insurance, and Medicare on Plaintiff's and on the Rule 23 Class' behalf.

100. Defendants intentionally, purposely and fraudulently converted these funds for their own benefit.

101. Defendants intended to fraudulently convert these contributions for the purpose of exploitation for their own financial benefit and, in essence, to steal Plaintiff's and the Rule 23 Class' money.

102. Defendants interfered with Plaintiff's and the Rule 23 Class' right to these contributions, and continue to possess these funds to this day.

103. Plaintiff and the Rule 23 Class are entitled to recover from Defendants their actual, compensatory, expectation, and punitive damages in an amount to be determined at trial, but in any event, no less than $1,000,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of others and all similarly situated Collective Action Members and Rule 23 Class members, respectfully request that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and NYLL;

(b) An award of unpaid minimum wages due under the FLSA and NYLL;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216.

(d) An award of liquidated damages as a result of Defendants' failure to pay proper overtime compensation and minimum wages pursuant to the NYLL;

(e) An award of civil penalties as a result of Defendants' violation of the NYLL's notice provisions pursuant to NYLL § 198;

(f) An award of statutorily required allowance for laundering and cleaning of required uniforms;

(g) An award of unpaid contributions to Federal and State mandated benefit programs;

(h) An award of punitive damages;

(i) An award of pre-judgment and post-judgment interest;

(j)     An award of Plaintiff's reasonable costs and fees of this action;

(k)     An award of Plaintiff his attorney fees; and

(l)     Such other and further relief as the Court deems just and proper.


Dated: August 17, 2017
       Farmingdale, New York

                              **FRANK & ASSOCIATES, P.C.**

                              _____
                              Neil M. Frank, Esq.
                              500 Bi-County Blvd., Suite 465
                              Farmingdale, New York 11735
                              Tel: (631) 756-0400
                              Fax:(631) 756-0547
                              nfrank@laborlaws.com
                              *Attorneys for Plaintiff*