# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW

136-20 38th Avenue, Suite 10G

Flushing, New York 11354

October 31, 2018

Keli Liu, Esq.

Tel : (718) 353-8588

Cell: (718) 350-9308

Fax: (718) 353-6288

Email: Kliu@hanglaw.com

**VIA ECF**

Hon. Kathleen Tomlinson

United States Magistrate Judge

Eastern District of New York

225 Cadman Plaza East

Brooklyn, New York 11201

Re: **Romero v. Royal Plainview Car Wash Inc. et al.**

Case No. 2:17-cv-04859-RJD-AKT

Joint Request for Approval of Settlement Agreement

Dear Judge Tomlinson:

We are the Counsel for the Defendants in the above-referenced action. We write jointly with the Plaintiffs' counsel and submit this letter motion seeking approval of the negotiated Settlement Agreement (attached hereto as **Exhibit A**) in the instant action, as required pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd. Cir. 2015). This letter sets forth why, following the analysis in *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335-6 (S.D.N.Y. 2012), the Settlement Agreement is fair and reasonable.

1

**Settlement Amount**

Both parties believe that the settlement amount is fair and reasonable. This is an action by Plaintiff Alexander Romero ("Romero") and opt-in Plaintiffs Emilio Castillo ("Castillo"), Giovanni Cevallos ("Cevallos"), Jaime Flores ("Flores") and Roberto Magana ("Magana") ( "Plaintiffs" collectively) for alleged unpaid overtime wages, unpaid spread of hours and failure to give notice at time of hire, and failure to provide paystubs brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* and the New York Labor Law ("NYLL"). Plaintiffs are current and former car washers at the Royal Plainview Car Wash.

. **Plaintiffs' Allegations**

*Romero*

Plaintiff Romero alleges that he worked for the Defendants from April 2015 to February 4, 2017. Romero claims he worked five (5) to seven (7) days a week, from around 8:00 a.m. to around 4:00 p.m., or around 10:00 a.m. to around 6:00 p.m., for a total of forty (40) to fifty-six (56) hours per week. Romero alleges that he was compensated at an initial hourly rate of $5.65. At the end of his employment in February 2017, he claims that he was paid at a rate of $7.55 per hour. Romero acknowledges that he received from $40 to $60 per day in tips. However, he claims he was not advised, either orally, or in writing, that a tip allowance would be taken to reduce his wages.

*Castillo*

Plaintiff Castillo alleges that he worked for the Defendants from January 2013 to July 29, 2014 and from April 13, 2015 to May  2017. Castillo alleges that he was compensated at an initial hourly rate of $5.65.    At the end of his employment in 2017, he claims that he was paid at a rate of $7.55 per hour. While Castillo acknowledges that he received tips throughout his employment, he claims he was not advised, either orally, or in writing, that a tip allowance would be taken to reduce his wages.

*Cevallos*

Plaintiff Cevallos alleges that he worked for the Defendants from 2011 to the present. Cevallos alleges that he was compensated at an initial hourly rate of $5.65. At the time Plaintiff Cevallos joined this lawsuit in 2018, he claims that he was paid at a rate of $8.30 per hour. While Cevallos acknowledges that he received tips throughout his employment, he claims he was not advised, either orally, or in writing, that a tip allowance would be taken to reduce his wages.

*Flores*

Plaintiff Flores alleges that he worked for the Defendants from August 25, 2014 to February 2017. Flores alleges that he was compensated at an initial hourly rate of $5.65.  At the end of his employment in 2017, he claims that he was paid at a rate of $7.55 per hour. While Flores acknowledges that he received tips throughout his employment, he claims he was not advised, either orally, or in writing, that a tip allowance would be taken to reduce his wages.

*Magana*

Plaintiff Magana alleges that he worked for the Defendants from February 2015 to October 16, 2016. Magana alleges that he was compensated at an initial hourly rate of $5.65. At the end of his

employment in 2016, he claims that he was paid at a rate of $6.80 per hour. While Magana acknowledges that he received tips throughout his employment, he claims he was not advised, either orally, or in writing, that a tip allowance would be taken to reduce his wages.

## Defendants' Position

Defendants vehemently deny Plaintiffs' allegations. Defendants maintain that all plaintiffs regularly worked five days a week. Plaintiffs either worked an early shift from 8:00 a.m. to 4:00 p.m. or a late shift from 9:00 a.m. or 10 a.m. to 5:00 p.m. All Plaintiffs were properly paid at an hourly rate, in accordance to the following rates: $5.65 per hour in 2014 and 2015; $6.80 per hour in 2016; and $7.55 per hour in 2017. Defendants also maintained accurate records of Plaintiffs hours worked and tips received, the records show that Plaintiffs were properly paid at sub-minimum wage rate for tipped workers. Moreover, whenever Plaintiffs worked overtime, the records show that Plaintiffs were properly compensated.

Notwithstanding of the above, Defendants recognize that they have potential exposure on the issue of whether they are entitled to taking the tip credit against the regular minimum wage. If they were to prevail on all of their defenses, Plaintiff would be entitled to no damages, if they were to be found not entitled to taking the tip credit, however, Defendants' exposure would be around $70,000.  If Plaintiffs prevail on all their claims, they would be entitled to around $200,000.

## The Proposed Settlement Is Fair and Reasonable

The gross settlement amount was reached at a mediation session with Mediator Michael A. Levy, and represents arm's-length negotiations without fraud or collusion. All Parties are represented by competent counsel, and the settlement was reached after extensive negotiations.

The settlement sum is $115,000 and the parties' settlement provides that this amount will include all attorneys' fees and costs of $34,999.88 and settlement payment to Plaintiffs of $80,000.12, which is broken down as follows, based on each Plaintiff's proportional share of potential damages, $11,280.18 to Plaintiff Romero, $18,960.18 to Plaintiff Castillo, $15,039.88 to Plaintiff Flores, $23,199.88 to Plaintiff Cevallos and $11,520.00 to Plaintiff Magana. This reflects a reasonable compromise between the parties' different claims. Given the outcome of trial will be hinged on entirely the credibility of the parties and witnesses, as well as the risk of an all-or- nothing binary outcome, we believe this range of recovery is reasonable. This settlement was reached after more than a year of litigation, including the depositions of the Plaintiffs and principal of the Defendant business.

The settlement agreement reached by the parties is fair. Although Plaintiffs' recollection of their hours are sufficient to prove the hours that they worked and the wages they received, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), their recollection is not binding on the fact finder. In this case, the Defendants have produced accurate records for the Plaintiffs to support their position that Plaintiffs received all hours worked and tips received. Given the circumstances of the case as well as Plaintiffs' interest in the outcome of this matter, we believe the range of settlement is reasonable.

**Attorney's Fees**

As to attorneys' fees, Plaintiffs' counsel will receive $34,999.88, which computes to 30.43% of the gross settlement amount. This amount is less than the customary fee of 33.3% plus costs. Therefore, we believe that the amount of attorneys' fees is also fair and reasonable.

For the foregoing reasons, the Parties respectfully request that the Court approve the Settlement Agreement in this matter as set forth above as it contains fair, adequate, and reasonable terms.

Respectfully submitted,

_/s/ Keli Liu_

Keli Liu, Esq.