# SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement"), dated _____, 2018, sets forth the mutual understanding between Alexander Romero ( "Romero), Emilio Castillo ("Castillo"), Jaime Flores ("Flores"), Giovanni Cevallos ("Cevallos"), and Roberto Magana ( "Magana" ), (collectively hereinafter "Plaintiffs") and Royal Plainview Car Wash, Inc., ( "Royal" ) and Qin Hu Qu ( "Qu" ), (collectively hereinafter "Defendants") regarding Plaintiffs' employment at Royal Plainview Car Wash, Inc. and the settlement of their claims they have or may have against Defendants.

**WHEREAS,** Plaintiffs have filed a case against Defendants in the United States District Court, Eastern District of New York, entitled *Alexander Romero, individually and on behalf of others similarly situated, v. Royal Plainview Car Wash, Inc. and Qin Hu Qu.*, Case No. 17-cv-4859, (the "Action");

**WHEREAS,** Defendants deny all liability and all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS,** the parties reached a resolution at the EDNY Mediation before Michael A. Levy, Esq. held on September 5, 2018;

**WHEREAS,** the parties mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth; and

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Plaintiffs and Defendants, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Plaintiffs' Commitments.** In exchange for the promises set forth in Paragraph " 3" below, Plaintiffs agree to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act and New York State Labor Law that Plaintiffs have or may have in the future through the date of execution of this Agreement.

2. **Limited Release of All Wage and Hour Claims by Plaintiffs.**

(a) Plaintiffs, on behalf of themselves and their successors, assigns, heirs, executors, and administrators, knowingly and voluntarily release and forever discharge Defendants, and any present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors, owners, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities (collectively, the "Releasees"),from all causes of action arising under the Fair Labor Standards Act, the New York Labor Laws, and/or any federal, state or local wage statute, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of this Agreement.

1

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with the Company and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. This release is limited only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after Plaintiffs' execution date

Plaintiffs' release of claims set forth above shall not prevent Plaintiffs from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law. Plaintiffs, however, further agree and understand that they have waived any right to recover monetary damages or other relief personal to Plaintiffs in any such charge, complaint or lawsuit filed by them or on their behalf in any way relating to any released claims.

(b) <u>Collective/Class Action Waiver</u>. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants are a party. In the event any class or collective action is brought against Defendants, which includes or may include Plaintiffs, upon learning of Plaintiffs' inclusion, Plaintiffs immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c) Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to their released claims. They agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

3. **Consideration.**

(a) In exchange for the promises made herein by Plaintiffs and subject to the United States District Court Eastern District of New York's (the "Court") approval of this Agreement, Royal agrees to pay to Plaintiffs the gross total sum of One Hundred Fifteen Thousand Dollars ($115,000) (the "Settlement Funds"). The breakdown of the Settlement Funds shall be: $34,999.88 to Frank & Boland, P.C. $11,280.18 to Alexander Romero, $18,960.18 to Emilio Castillo, $15,039.88 to Jaime Flores, $23,199.88 to Giovanni Cevallos, and $11,520.00 to Roberto Magana. The Settlement Funds shall be paid as follows:

(i) Ten Thousand Dollars ($10,000) (the "Initial Payment") to be paid within thirty (30) days of the Court's final approval of this Settlement Agreement. The breakdown of the Initial Payment shall be $3,500 to Frank & Boland, P.C., $916.50 to Alexander Romero, $1,540.50 to Emilio Castillo, $1,222.00 to Jaime Flores, $1,885.00 to Giovanni Cevallos, and

$936.00 to Roberto Magana.

(ii) The remaining One Hundred Five Thousand Dollars ($105,000) to be paid in **thirty-six (36) monthly installments** of Two Thousand Nine Hundred Sixteen Dollars and Sixty-Seven Cents ($2,916.67). Each monthly installment payment shall be payable thirty (30) days following the preceding payment due date. The breakdown of the monthly installment payments shall be $875 to Frank & Boland, P.C., $287.88 to Alexander Romero, $483.88 to Emilio Castillo, $383.83 to Jaime Flores, $592.08 to Giovanni Cevallos, and $294.00 to Roberto Magana.

(b) The parties agree that 50% of all monies paid to each Plaintiff shall constitute wages, for which an IRS Form W-2 shall be issued and 50% constitute liquidated damages and interest, for which an IRS Form 1099 shall be issued. Plaintiffs shall receive from Defendants, and Defendants shall file with the Internal Revenue Service, a Form W-2 and a Form 1099 reflecting payment to the Plaintiffs of that portion of the Settlement Funds designated as wages or liquidated damages and interest, respectively, which was received by them in the prior calendar year. Plaintiffs shall be responsible to pay all Federal, State and local taxes, if any, in connection with that portion of the Settlement Funds designated as liquidated damages which was received by them. Plaintiffs' counsel shall provide to Defendants' counsel a current address for each individual Plaintiff for purposes of mailing IRS Forms W-2 and 1099 as described above, along with IRS Form W-4, executed by each Plaintiff who wishes to change their withholding. Plaintiffs, for whom Defendants do not have social security information or a TIN number, agree to provide a social security or tax ID number in a W-4/W-9 for the applicable sums they will receive under this Agreement. For any Plaintiff that does not provide a social security or tax ID number, Defendants shall make back-up withholdings.

(c) The Settlement Funds shall be paid to Frank & Boland, P.C. to the attention of Neil M. Frank, Esq., 500 Bi-County Boulevard, Suite 465, Farmingdale, New York 11735, and disbursed to Plaintiffs.

(d) Defendants shall issue a Form 1099 for each Plaintiff to Frank & Boland, P.C., 500 Bi- County Boulevard, Suite 465, Farmingdale, New York 11735, covering all Settlement Funds, and Plaintiffs and Plaintiffs' counsel shall be solely responsible for any taxes owed on the sum they receive on this Agreement.

4. **Settlement Approval.** The parties shall file a joint motion seeking the Court's approval of this Agreement. This Agreement is contingent upon the Court's approval of this settlement Agreement and dismissal of all of Plaintiffs' claims, with prejudice.

5. **Default; Notice to Cure:** In the event the Defendants' monthly installment payment ,as set forth in Paragraph 3, is not received within five (5) business days of the due date ,Plaintiffs' counsel shall, provide written notice to Defendants' attorneys Jian Hang, Esq. by email at jhang@hanglaw.com or mail at 136-20 38th Avenue, Suite 10G, Flushing, New York 11354, regarding any missed monthly installment payment.. Defendants shall have ten (10) business day from receipt of such written notice to remedy their default. Notice shall be deemed received by Defendants on the date written notice is emailed or mailed to Defendants'

Counsel, whichever is earlier.

        (i) **Failure to Cure After Written Notice**: If Defendants do not remedy their default within ten (10) business days of their receipt of such written notice, Plaintiffs shall be entitled to apply for a default judgment before the United States District Court for the Eastern District of New York against any and all Defendants without further notice for the accelerated amount of One Hundred Fifteen Thousand Dollars ($115,000.00), which sum represents the full amount of the settlement herein, minus any payments made by Defendants until the date of default. Furthermore, in the event of default, Plaintiffs will be entitled to seek reasonable attorney's fees, costs, and costs of collection.

6. **Full Payment**: Plaintiffs agree and affirm that the payments described in Paragraph 3 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel. This amount shall include compensation for alleged damages to Plaintiffs and for any and all harm which they may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating to any wage-and-hour claims, including for claims for unpaid wages or overtime pay under state and federal law or common law. Plaintiffs agree that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

7. **Non-Admission of Wrongdoing**. Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiffs against Defendants. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the Fair Labor Standards Act.

8. **Mutual Non-Disparagement**: Plaintiffs agree that they will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Defendant Hu, his family members, or any of the Releasees (as defined in Paragraph "4" above), whether by electronic, written or oral means, to any of Defendants' past, present or future customers, competitors, employees, or to any other person (including, but not limited to, their employers, the press or other media). The language of this Paragraph 8 shall not prohibit Plaintiffs from making truthful statements about their experiences litigating this case.

Defendant Qin Hua Hu agrees that he will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Plaintiffs, whether by electronic, written or oral means, to any of Plaintiffs' employers, known potential employers, or to any other person (including, but not limited to, the press or other media). The language of this Paragraph 11 shall not prohibit these individual defendants from making truthful statements about their experiences litigating this case.

9. **No Other Complaints or Charges**: Plaintiffs hereby represent that other than the Action, they have no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees. Moreover,

Plaintiffs are currently unaware of any other claims other than those alleged in this lawsuit relating to their employment with the Company.

10. **Covenant not to Sue**. Plaintiffs shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against Defendants arising out of or relating to any allegation or claim (whether Plaintiffs' or any other person's) concerning Plaintiffs' employment with Defendants or any of their parents, subsidiaries or affiliates, unless directed by court order or subpoena. Plaintiffs expressly agree that if they breach this section they will be responsible for any attorney's fees incurred by Defendants as a result of said breach.

11. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

12. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the EDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the EDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the EDNY has been brought in an inconvenient forum.

13. **Assignment of Claims**: Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

14. **No Waiver**. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

15. **Section Headings**. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

16. **Entire Agreement.**

(a) This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA and New York Labor Law that Plaintiffs have or may assert against Defendants and shall be interpreted under New York law, without

5

regard to its conflict or choice of laws provisions;

(b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c) Plaintiffs acknowledge that they have not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

**17. Competence to Waive Claims**. Plaintiffs are competent to affect a knowing and voluntary release of all of their FLSA and New York Labor Law claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair their right to settle their FLSA and New York Labor Law claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiffs.

**18. Representations.**

(a) Plaintiffs understand and agree that they have been advised that they have twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

(b) Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

(c) Plaintiffs understand and agree that they have been advised that they have seven (7) days after signing this Agreement to change their minds and to revoke this Agreement. Plaintiffs understand and agree that if they exercise this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose. If Plaintiffs should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Keli Liu, Esq., Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354 or mailed to Keli Liu, Esq., Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354 by certified mail - return receipt requested and postmarked within seven (7) days of the execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

**19. Execution.**

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by their counsel, Frank & Boland, P.C. Plaintiffs fully understand that this Agreement releases, settles, bars and waives any and all claims that they could possibly have against Defendants under the FLSA and New York Labor Law. Plaintiffs selected

their counsel voluntarily;

    (b) Plaintiffs confirm they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

    (c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed electronic copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

    **20. Facsimile/Email**: An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS THEY HAVE OR MIGHT HAVE AGAINST DEFENDANTS.**

    IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

Dated: October 30, 2018      By: _____
                                              Alexander Romero

STATE OF ~~NEW YORK~~ South Carolina )
                             ) ss.:
COUNTY OF CHARLESTON )

    On the 30th day of ~~September~~ October, 2018, before me personally came Alexander Romero, to me known, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same

                                                   _____
                                                 Notary Public

Dated: October 30, 2018      By: _____
                                              **Emilio Castillo**

STATE OF NEW YORK           )

7

their counsel voluntarily;

    (b) Plaintiffs confirm they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

    (c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed electronic copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

    **20. Facsimile/Email**: An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS THEY HAVE OR MIGHT HAVE AGAINST DEFENDANTS.**

    IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

Dated: September ___, 2018      By: _____
                                                                         **Alexander Romero**

STATE OF NEW YORK     )
                                ) ss.:
COUNTY OF _____ )

    On the ___ day of September, 2018, before me personally came Alexander Romero, to me known, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same

                                                                         _____
                                                                         Notary Public

Dated: ~~September~~ October 25, 2018      By: _____
                                                                          **Emilio Castillo**

STATE OF NEW YORK     )

COUNTY OF Suffolk        ) ss.:
                         )

> JOSEPH MYERS
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02MY6373383
> Qualified in Suffolk County
> Commission Expires April 9, 2022

On the 25th day of ~~September~~ October, 2018, before me personally came Emilio Castillo, to me known, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same

Dated: ~~September~~ October 25, 2018      By: _____
                                              Notary Public
                                              **Jaime Flores**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF Suffolk        )

> JOSEPH MYERS
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02MY6373383
> Qualified in Suffolk County
> Commission Expires April 9, 2022

On the 25th day of ~~September~~ October, 2018, before me personally came Jaime Flores, to me known, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same

Dated: ~~September~~ October 25, 2018      By: _____
                                              Notary Public
                                              **Giovanni Cevallos**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF Suffolk        )

On the 25 day of ~~September~~ October, 2018, before me personally came Giovanni Cevallos, to me known, and who ~~executed the foregoing~~ Agreement, ~~and~~ duly acknowledged to me that he executed the same

> JOSEPH MYERS
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02MY6373383
> Qualified in Suffolk County
> Commission Expires April 9, 2022

Dated: ~~September~~ 31, 2018           By: _____
       October                              Notary Public
                                            **Roberto Magana**

STATE OF NEW YORK        )
                         ) ss.:

8

COUNTY OF __Suffolk__ )

    On the __31st__ day of ~~September,~~ __October__ 2018, before me personally came Roberto Magana, to me known, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same

_____
Notary Public

[Notary Seal: MATTHEW J FARNWORTH, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Suffolk County, 02FA6378040, MY COMMISSION EXPIRES 07/16/2022]

9

Dated: Oct 3, 2018            By: _____
                                   Qin Hu Qu

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Queens  )

   On the 30th day of ~~September~~ October, 2018, before me personally came Qin Hu Qu, to me known, and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same

                                   _____
                                   Notary Public

**JIAN HANG**
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6280171
Qualified in Queens County
My Commission Expires April 22, 20 21


Dated Oct 30, 2018            By: _____
                                   Royal Plainview Car Wash, Inc.
                                   By Qing Hua Hu, owner

STATE OF NEW YORK )
                  ) ss:
COUNTY OF Queens  )

   On the 30th day of ~~September~~ October, 2018, before me personally came Qin Hu Qu to me known to be the individual described in and who executed the foregoing agreement, and he/she, being duly sworn, did depose and say that he/she is a representative of Royal Plainview Car Wash, Inc. and that he/she executed said agreement on behalf of said corporation.

                                   _____
                                   Notary Public

**JIAN HANG**
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6280171
Qualified in Queens County
My Commission Expires April 22, 20 21

10