UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALEXANDER ROMERO, individually and on
behalf of others similarly situated,

                                        Plaintiffs,

        - against -                                CV 17-4859 (AKT)

ROYAL PLAINVIEW CAR WASH INC.
and QIN HU QU,

                                        Defendants.
----------------------------------------------------------------x

# ORDER APPROVING SETTLEMENT AND
# DISMISSAL WITH PREJUDICE OF CLAIMS

**A. KATHLEEN TOMLINSON, U.S. Magistrate Judge:**

       The Court, having reviewed the Complaint filed in this case by Plaintiff ALEXANDER ROMERO, the Consents filed by the other four former employees (*i.e.*, Emilio Castillo, Jaime Flores, Giovanni Ceballos and Roberto Magana) (collectively, "Plaintiffs") of the Defendants, the Defendants' Answer to the Complaint; having assessed the claims and defenses raised by the Parties; having conferred with counsel at several discovery conferences; having taken into account the Parties' exchange of substantial documents prior to the settlement; having reviewed the damages calculations; having considered the applicable case law; having carefully reviewed the proposed Settlement Agreement and General Release; having noted that this resolution was achieved through the auspices of a respected mediator in the EDNY Court- annexed mediation program; and for good cause shown, hereby ORDERS, ADJUDGES, and DECREES that:

       1.      The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act and the New York Labor Law: (a) is the result of arm's-length negotiations and is

fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiffs' claims; and (c) demonstrates a good-faith intention by the Parties (i) to fully and finally resolved the Plaintiffs' claims for liability and damages under the Fair Labor Standards Act and the New York State Labor Law and (ii) not to re-litigate in whole or in part, at any point in the future the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiffs' wages while employed by the Defendants.

2. By virtue of the Settlement Agreement, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Defendants are a party.

3. The Settlement Agreement meets the standard set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) in that: (a) the Plaintiffs' range of possible recovery is affected by the dispute over the tip credit vis-a-vis the regular minimum wage; (b) the Defendants' continued to maintain their position that they kept accurate records of all hours worked by the Plaintiffs and tips received as well as overtime worked by the Plaintiffs; (c) the prospect exists of defense witnesses, providing testimony in conflict with the Plaintiffs' testimony; (d) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial; (e) the record reflects qualitative risks for both sides should the case proceed to trial; (f) the settlement is clearly the product of arm's-length negotiations between experienced counsel with the assistance of a respected EDNY Panel mediator; and (g) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335 (internal quotations

omitted).

4. The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA and NYLL claims asserted in this litigation; and (c) the attorney's fees, which equate to less than one-third (*i.e.*, 30.43%) of the total settlement amount are fair and consistent with the provisions of the retainer agreement between Plaintiffs and their counsel.

5. The Plaintiffs' Releases of the Defendants as partial consideration for the settlement are sufficiently limited to deem the releases fair and proper.

6. Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of 30.43% of the settlement amount to the attorney's fees, as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiffs by their counsel, Hang & Associates, PLLC, by Keli Liu, Esq. Such apportionment is well within the parameters set by courts in this District. *See, e.g., Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5 (E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc.*, 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos.*, 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016); *Abrar v. 7-Eleven, Inc.*, 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016).

7. In light of the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable. The settlement is therefore APPROVED by the Court.

8. The Court retains jurisdiction of this matter for purposes of enforcement of the settlement.

9. This lawsuit and the claims of the Plaintiffs asserted in it are DISMISSED, WITH PREJUDICE, in their entirety.

10. Each party shall bear its own costs, except as provided to the contrary in the Settlement Agreement.

The Clerk of the Court is directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York
April 12, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge